Marc A. Rapaport [MR-5775]
LAW OFFICE OF MARC A. RAPAPORT
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382-1600
Attorneys for Plaintiff

**'07 CIV 7608**

**JUDGE HOLWELL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GARVIN MITCHELL,                                 :        07 Civ.
                                                 :
    **Plaintiff,**                              :        **COMPLAINT**
                                                 :
                                                 :        **PLAINTIFF DEMANDS**
    **-against-**                              :        **TRIAL BY JURY**
                                                 :
GREATER REFUGE TEMPLE CHURCH     :
a/k/a REFUGE TEMPLE CHURCH and     :
a/k/a GREATER REFUGE TEMPLE and    :
a/k/a THE CHURCH OF OUR LORD         :
JESUS CHRIST OF THE APOSTOLIC       :
FAITH, INC.                                      :
                                                 :
    **Defendants.**                            :
------------------------------------------------------X

RECEIVED
AUG 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, GARVIN MITCHELL ("Plaintiff" or "Mr. Mitchell"), by and through

his undersigned counsel, Marc A. Rapaport, Esq., as and for his Complaint in this action

against GREATER REFUGE TEMPLE CHURCH a/k/a REFUGE TEMPLE CHURCH

and a/k/a GREATER REFUGE TEMPLE and a/k/a THE CHURCH OF OUR LORD

JESUS CHRIST OF THE APOSTOLIC FAITH, INC. ("Greater Refuge Temple" or

"Defendant"), alleges as follows:

## NATURE OF THE CLAIMS

      1.    This is a civil action for declaratory, injunctive and equitable relief, as

well as monetary damages, to redress Defendant's unlawful employment practices

1

against Plaintiff, including, *inter alia:* (a) Defendant's violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*. the New York City Administrative Code, §8-101 *et seq.* (the "New York City Human Rights Law" or "NYCHRL"). and NYS Executive Law §296, through its termination of Plaintiff's employment solely because of Plaintiff's disability and/or Defendant's perception that Plaintiff was disabled; and (b) Defendant's violation of the New York Minimum Wage Act, Labor Law Article 19 § 650 *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4. 142-3.4. and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread of hours" pay.

## JURISDICTION AND VENUE

2.    Plaintiff was and still is a citizen of the City and State of New York. At all relevant times, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

3.    Upon information and belief. Defendant is a not-for-profit corporation incorporated under the laws of the State of New York. and maintains an office for the transaction of business in the City. County and State of New York. at 2081 Adam Clayton Powell Jr. Blvd., New York, New York 10027.

4.    This action is brought. *inter alia.* to remedy disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (1994 and Supp. 1999) (the "ADA").

5.    Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy: (a) discrimination on the basis of a disability in violation of the  New York City

Human Rights Law; and (b) Defendant's violation of the New York Minimum Wage Act and Labor Law for failure to pay "spread of hours" compensation.

6.      Attorneys fees and punitive damages are sought pursuant to 42 U.S.C. §2000e-5(g), New York City Administrative Code, §8-502, and NY Labor Law, § 663, and liquidated damages are sought pursuant to NY Labor Law, § 663.

7.      As the Plaintiff's residence  and the Defendant's offices are in, and the unlawful practices complained of herein occurred within the Southern District of New York, venue is proper in this District pursuant to 42 U.S.C. §2000e-5 (f)(3) and 29 U.S.C. §1391(b).

## ADMINISTRATIVE COMPLIANCE

8.      On January 19, 2007, Plaintiff filed a charge, pursuant to the ADA, with the United States Equal Employment Opportunity Commission.  Plaintiff's charge was assigned EEOC Charge Number 520-2007-01418.  A Notice of Right-to-Sue was issued by the United States EEOC, New York District Office, on June 27, 2007.  A copy of this notice is annexed hereto as Exhibit "A".

9.      Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS TO ALL CAUSES OF ACTION

10.      In or about November, 2002, Mr. Mitchell began working as an overnight maintenance worker with the Defendant.  Mr. Mitchell remained in his position until he was involuntarily discharged on December 18, 2006.

11.      Mr. Mitchell was a loyal employee whose work performance was excellent, and he had the skills, experience, and knowledge required to fully perform all of the essential functions of his position.  During his employment, Mr. Mitchell received

a written letter from a supervisor, commending him for being "hard working" and "reliable in his duties".

12.     Mr. Mitchell's principal work responsibilities involved general maintenance, including, among other tasks, cleaning restrooms, sweeping, mopping, and dusting.

13.     Mr. Mitchell's weekly work schedule was as follows:

> Saturday/Sunday: 4:00 p.m. Saturday to 8:00 a.m. Sunday;
> Monday: 12:00 a.m. to 8:00 a.m.; and
> Tuesday: 12:00 a.m. to 8:00 a.m.

14.     Each week, Mr. Mitchell's work schedule included an overnight shift, commencing on Saturday evening through Sunday morning, for which he did not receive additional "spread of hours" compensation from the Defendant.

15.     On or about December 31, 2005, Mr. Mitchell was injured on the job when he slipped and fell because of a spill that had occurred on the Defendant's premises. As a result of that incident, Mr. Mitchell suffered injuries that caused him to be disabled within the meaning of the ADA, and which caused Mr. Mitchell to be substantially limited in performing tasks of central importance to his life.

16.     Mr. Mitchell's injuries and impairments also caused him to suffer physical and/or medical impairments, as defined under the Administrative Code of the City of New York, § 8-102(16)(b)(1), in that Mr. Mitchell suffered, among other injuries, impairments of his neurological and musculoskeletal systems.

17.     Because Mr. Mitchell lacked medical insurance, he delayed getting medical treatment for his injuries until December, 2006, when he sought treatment for his injuries with a physician at Harlem Hospital Center in New York City.

18.     On or about December 14, 2006, Mr. Mitchell's physician provided him with a note that stated that Mr. Mitchell was suffering from spinal stenosis and a herniated disk, and that these conditions necessitated physical therapy and medication. The aforesaid physician's note further stated that Mr. Mitchell should not lift, carry or push anything in excess of five pounds.   Mr. Mitchell provided the Defendant with a copy of the note.

19.     On December 18, 2006, approximately four days after the Defendant received the physician's note, the Defendant terminated Mr. Mitchell's employment, solely as a result of the aforesaid note written by Mr. Mitchell's physician.

20.     The Defendant did not communicate with Mr. Mitchell regarding accommodations that could have been made for Mr. Mitchell's medical condition.

21.     In response to the physician's note, instead of commencing an interactive communication process regarding the recommendations made by Mr. Mitchell's physician, the Defendant: (a) terminated Mr. Mitchell's employment "effective immediately"; and (b) informed Mr. Mitchell that he would only be reconsidered for employment if he "submitted a doctor's note stating that [he was] completely rehabilitated". A copy of Defendant's letter of termination is annexed hereto as Exhibit "B".

22.     At no point did the Defendant initiate a communication with Mr. David concerning whether he required an accommodation for his known disabilities.

23.     Defendant discriminated against Mr. Mitchell by terminating his employment because of Mr. Mitchell was disabled and/or because Defendant regarded Mr. Mitchell as disabled and/or because of Mr. Mitchell's record of disability.

24.    Defendant further discriminated against Mr. Mitchell by failing to initiate a conversation or communication with him regarding a need for an accommodation for Mr. Mitchell's known disabilities, and by terminating Mr. Mitchell immediately after receiving the physician's note, despite Mr. Mitchell's satisfactory work performance.

25.    Defendant further discriminated against Mr. Mitchell by conditioning its willingness to consider Mr. Mitchell for employment upon his submission of a doctor's note stating that he was "completely rehabilitated".

26.    Defendant's policy of requiring disabled individuals to provide medical proof of a complete rehabilitation as a condition for employment, which the Defendant articulated in its termination letter to Mr. Mitchell which is annexed hereto as Exhibit "B", constitutes an unlawful personnel policy under both the ADA and the NYCHRL in that it explicitly, adversely, and disproportionately affects disabled individuals and precludes such individuals from being considered for employment.

27.    The Defendant was (and continues to be) obligated to consider requests by its disabled employees and by disabled job applicants for reasonable accommodations, and to interact with such individuals in conjunction such requests for accommodations.

28.    Defendant did not interact with Mr. Mitchell with regard to his request for an accommodation.

29.    Defendant could have made accommodations for Mr. Mitchell, but instead chose to terminate him without engaging in a good faith interactive process regarding potential accommodations.

6

30.   From the date on which Mr. Mitchell suffered his workplace injuries, through the date on which the Defendant involuntarily terminated Mr. Mitchell's employment, Mr. Mitchell performed the essential functions of his job.

31.   At all relevant times, Mr. Mitchell's work performance was satisfactory.

32.   The Defendant could have made accommodations for Mr. Mitchell's disabilities without experiencing undue hardship in the conduct of the Defendant's business.

33.   Defendant failed to take any steps toward engaging in an interactive process with Mr. Mitchell, such as asking about his condition and/or specific limitations or offering to discuss alternative accommodations that could be made available to him.

## FIRST CAUSE OF ACTION
(Violation of the Duty of Reasonable Accommodation Under the ADA)

34.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

35.   Defendant violated its duty to provide Plaintiff with a reasonable accommodation by failing to initiate a discussion with Plaintiff regarding the need for an accommodation based on his known disability.

36.   Defendant further violated its duty to provide Plaintiff with a reasonable accommodation by summarily discharging him from his job upon receiving a copy of a note that had been provided to Mr. Mitchell by his treating physician.

37.   Defendant further violated the ADA by conditioning Mr. Mitchell's employment upon him being "completely rehabilitated" from his medical impairments.

38.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or

7

economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

### SECOND CAUSE OF ACTION
(Unlawful Personnel Policy/Refusal To Consider for Employment -- ADA)

39.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-39.

40.    Defendant violated (and, upon information and belief, continues to violate) its duties under the ADA by instituting and implementing a personnel policy that unlawfully discriminates against individuals who have records of disability, and that discriminates against individuals whom Defendant perceives as being disabled. by requiring such individuals to provide proof that they are "completely rehabilitated" as a prerequisite for employment.

41.    Defendant further violated the ADA through its unlawful employment policy and practice of terminating employees, such as plaintiff, solely because of requested accommodations for medical impairments.

42.    Defendant's unlawful policy of summarily terminating employees who seek accommodations for medical impairments disproportionately impacts disabled employees, who are more likely than non-disabled employees to make requests for accommodations.  Defendant's policy also constitutese a wilful subversion of the ADA.

43.    Defendant's aforesaid unlawful policies and practices resulted in the discriminatory and unlawful termination of Mr. Mitchell's employment.

44.    As a proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION
(Violation of the New York City Human Rights Law – Disability Discrimination)

45.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-44.

46.    Defendant has willfully and intentionally discriminated against Plaintiff in violation of the New York City Human Rights Law by denying him equal terms and conditions of employment, including but not limited to, terminating his employment, despite the fact that at all times Plaintiff performed his duties in a professional and competent manner, because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

47.    As a result of the foregoing acts of the Defendant, Plaintiff was discriminated against in violation of New York City Human Rights Law (NYC Administrative Code §§ 8-502 and 8-107 et seq., and said discrimination caused Plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities, and emotional distress.

48.    As a proximate result of the Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

9

confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
(New York State Human Rights Law)

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 of the Complaint.

50.     At all relevant times, Defendant employed more than four employees and constituted an "Employer" within the meaning of New York Executive Law §§ 292(1) and (5)

51.     As a result of the Defendants' discriminatory acts and unlawful employment practices, the Plaintiff was discriminated against in violation of New York Executive Law §296 *et seq.*

### FIFTH CAUSE OF ACTION
SPREAD OF HOURS COMPENSATION
Pursuant to New York Labor Law, Article 19 § 650. *et seq.*, and Supporting New York State Department of Labor Regulations

52.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53.     Commencing in or about November. 2002. continuing until Defendant's unlawful termination of plaintiff's employment in December 2006, the Plaintiff worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendant.

54.     The foregoing conduct, as alleged herein. violates the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"). 12 N.Y.C.R.R.§§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread-of-hours" pay, which require an

employer, such as Defendant, to pay additional "spread-of-hours" compensation to employees who work shifts of greater than ten hours.

55.    At all relevant times, defendant had a policy and practice of failing and refusing to pay "spread-of-hours" compensation.

56.    As a result of Defendant's failure to pay "spread-of-hours" compensation, Defendant has violated, and continues to violate, the MWA.

57.    The Plaintiff seeks recovery of liquidated damages, as well as attorney's fees and costs of this action, as provided by New York Labor Law § 663(1).

58.    Plaintiff seeks the amount of underpayments based on Defendant's failure to pay "spread-of-hours" compensation for his shifts of greater than 10 hours and relief from Defendant's unlawful and willful conduct, as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Garvin Mitchell, respectfully requests that this Court enter a Judgment in his favor and against Defendant Greater Refuge Temple Church a/k/a Refuge Temple Church a/k/a Greater Refuge Temple a/k/a The Church of Our Lord Jesus Christ of the Apostolic Faith, Inc., containing the following relief:

(a)     A declaratory judgment that the actions, conduct, practices, and policies of Defendant complained of herein violate the laws of the United States of America, the State of New York, and the City of New York;

(b)     An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(c)     An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past or future income, wages, compensation, seniority and other benefits of employment;

(d)     An award of liquidated damages in an amount to be determined at trial pursuant to the New York Labor Law, §663;

(e)     An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish, depression, humiliation, embarrassment, and emotional distress;

(f)     An award of any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

(g)     An award of punitive damages;

(h)    An award of all costs that Plaintiff has incurred in this action, as well as

Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

(i)    An award of pre-judgment interest on all amounts due: and

(j)    Such other relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to 42 U.S.C. §1981A and Rule 38(b) of the Federal Rules of Civil

Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       August 23, 2007

LAW OFFICES OF MARC A. RAPAPORT
Attorneys for Plaintiff

By:_____(MR 5775)
Marc A. Rapaport. Esq,
350 Fifth Avenue, Suite 4400
New York, New York  10118
(212) 382-1600

## DISMISSAL AND NOTICE OF RIGHTS

| To: Garvin Mitchell<br>210 North West 153 Street<br>Apt. 3-B<br>New York, NY 10039 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01418 | Roxanne Zygmund,<br>Investigator | (212) 336-3764 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

June 27, 2007
(Date Mailed)

Enclosures(s)

cc: Elder William Wilkins, Jr.
GREATER REFUGE TEMPLE CHURCH
The Church Of Our Lord Jesus C
2081 Adam Clayton Powell, Jr.
New York, NY 10027

Marc A. Rapaport, Esq.
Empire State Building
350 5th Avenue, Suite 4400
New York, NY 10118



*Greater*
*Refuge*
*Temple*

RECEIVED

JAN 0 3 2007

SPECIAL PROCESSING UNIT

December 18, 2006

Dear Mr. Gavin Mitchell

This letter is in response to your doctor's note requesting that you be given light duties and informing us that you should not lift anything above five pounds. As per your job description as a maintenance worker it is impossible for such a request to be granted. The job as explained when you were hired, requires you to lift equipment and do a variety of activities that compromises your doctor's recommendation.

Therefore, please be advised effective immediately. until you have submitted a doctor's note stating that you have been completely rehabilitated we are forced to end your employment at the Greater Refuge Temple. Once you have submitted the proper documentation we will gladly consider your employment status at our organization.

We thank you for your service to the Greater Refuge Temple and I pray that you have a speedy recovery.

With sincere regrets,

Joseph Robles
Facilities Manager

Attachment: Job Description
Cc: Personnel Committee
        File

Bishop William L. Bonner
Pastor

Bishop James I. Clark, II
Assistant Pastor

Elder Charles Wright
Assistant Pastor

Board of Trustees:
Neville Rosemin
President

Everette Lowe
Vice President

Judge Satterwhite
Treasurer

Larry McMillian
Secretary

Board of Deacons:
Golden Hudson
President

Arthur Davis
Vice President

Everette Lowe
Secretary

Reginald Davis
Treasurer