**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

GARVIN MITCHELL,                                          :

                 **Plaintiff,**          :        **Case No.: 07 CIV 7608**
                             :        **(RJH)**
                             :

       - against -          :        **ANSWER**
                             :

**GREATER REFUGE TEMPLE CHURCH a/k/a/**  :
**REFUGE TEMPLE CHURCH and a/k/a**          :
**GREATER REFUGE TEMPLE and a/k/a THE**  :
**CHURCH OF OUR LORD JESUS CHRIST OF**  :
**THE APOSTOLIC FAITH, INC.,**                      :

               **Defendants.**
-----------------------------------------------------------------x

Defendants, Greater Refuge Temple Church a/k/a/ Refuge Temple Church and a/k/a

Greater Refuge ("Greater Refuge") and a/k/a the Church of Our Lord Jesus Christ of the

Apostolic Faith, Inc. ("Church of Our Lord Jesus Christ") (collectively "Defendants"),

incorrectly sued here as a single defendant, by and through their attorneys Putney, Twombly,

Hall & Hirson LLP, as and for its Answer to Plaintiff's Complaint ("Complaint"), state as

follows:

       1.     Deny the allegations contained in Paragraph 1 of the Complaint, except admit that

Plaintiff purports to proceed as stated therein.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint, except admit that Plaintiff purports to

proceed as stated therein.

       3.     Deny the allegations in Paragraph 3 of the Complaint, except admit that Greater

Refuge is a New York not for profit Corporation with a business address at 2081 Adam Clayton

Powell Jr. Blvd, New York, New York, 10027.

4.      Deny the allegations contained in Paragraph 4 of the Complaint.

5.      Deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

6.      Deny the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

7.      Deny the allegations contained in Paragraph 7 of the Complaint, except admit that Plaintiff purports to proceed as stated therein. .

8.      Deny the allegations contained in Paragraph 8 of the Complaint, except admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.

9.      Deny the allegations contained in Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained in Paragraph 11 of the Complaint.

12.     Deny the allegations contained in Paragraph 12 of the Complaint.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint.

15.     Deny the allegations contained in Paragraph 15 of the Complaint.

16.     Deny the allegations contained in Paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Answer except admit that Plaintiff provided Defendant with a note.

19.        Deny the allegations contained in Paragraph 19 of the Complaint.

20.        Deny the allegations contained in Paragraph 20 of the Complaint.

21.        Deny the allegations contained in Paragraph 21 of the Complaint.

22.        Deny the allegations contained in Paragraph 22 of the Complaint.

23.        Deny the allegations contained in Paragraph 23 of the Complaint.

24.        Deny the allegations contained in Paragraph 24 of the Complaint.

25.        Deny the allegations contained in Paragraph 25 of the Complaint.

26.        Deny the allegations contained in Paragraph 26 of the Complaint.

27.        Deny the allegations contained in Paragraph 27 of the Complaint.

28.        Deny the allegations contained in Paragraph 28 of the Complaint.

29.        Deny the allegations contained in Paragraph 29 of the Complaint.

30.        Deny the allegations contained in Paragraph 30 of the Complaint.

31.        Deny the allegations contained in Paragraph 31 of the Complaint.

32.        Deny the allegations contained in Paragraph 32 of the Complaint.

33.        Deny the allegations contained in Paragraph 33 of the Complaint.

34.        With respect to the allegations contained in Paragraph 34 of the Complaint, repeated and reallege each and every response to Paragraphs 1 through 33 of the Answer as if fully set forth herein.

35.        Deny the allegations contained in Paragraph 35 of the Complaint.

36.        Deny the allegations contained in Paragraph 36 of the Complaint.

37.        Deny the allegations contained in Paragraph 37 of the Complaint.

38.        Deny the allegations contained in Paragraph 38 of the Complaint.

39.    With respect to the allegations contained in Paragraph 39 of the Complaint, repeated and reallege each and every response to Paragraphs 1 through 38 of the Answer as if fully set forth herein.

40.    Deny the allegations contained in Paragraph 40 of the Complaint.

41.    Deny the allegations contained in Paragraph 41 of the Complaint.

42.    Deny the allegations contained in Paragraph 42 of the Complaint.

43.    Deny the allegations contained in Paragraph 43 of the Complaint.

44.    Deny the allegations contained in Paragraph 44 of the Complaint.

45.    With respect to the allegations contained in Paragraph 45 of the Complaint, repeated and reallege each and every response to Paragraphs 1 through 44 of the Answer as if fully set forth herein.

46.    Deny the allegations contained in Paragraph 46 of the Complaint.

47.    Deny the allegations contained in Paragraph 47 of the Complaint.

48.    Deny the allegations contained in Paragraph 48 of the Complaint.

49.    With respect to the allegations contained in Paragraph 49 of the Complaint, repeated and reallege each and every response to Paragraphs 1 through 48 of the Answer as if fully set forth herein.

50.    Deny the allegations contained in Paragraph 50 of the Complaint.

51.    Deny the allegations contained in Paragraph 51 of the Complaint.

52.    With respect to the allegations contained in Paragraph 52 of the Complaint, repeated and reallege each and every response to Paragraphs 1 through 51 of the Answer as if fully set forth herein.

53.    Deny the allegations contained in Paragraph 53 of the Complaint.

54.    Deny the allegations contained in Paragraph 54 of the Complaint.

55.    Deny the allegations contained in Paragraph 55 of the Complaint.

56.    Deny the allegations contained in Paragraph 56 of the Complaint.

57.    Deny the allegations contained in Paragraph 57 of the Complaint.

58.    Deny the allegations contained in Paragraph 58 of the Complaint.

### AS AND FOR A FIRST DEFENSE

59.    The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

60.    The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

61.    Any and all actions taken by Defendant were based on legitimate, nondiscriminatory reasons unrelated to Plaintiff's purported disability and unrelated to any invocation by Plaintiff of rights arising under federal, state or local law.

### AS AND FOR A FOURTH DEFENSE

62.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary administrative remedies or procedures regarding such claims.

### AS AND FOR A FIFTH DEFENSE

63.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

### AS AND FOR A SIXTH DEFENSE

64.    The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in the Charge of Discrimination.

## AS AND FOR A SEVENTH DEFENSE

65.    Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR AN EIGHTH DEFENSE

66.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and estoppel.

## AS AND FOR A NINTH DEFENSE

67.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A TENTH DEFENSE

68.    Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

69.    Plaintiff is therefore not entitled to recover.

## AS AND FOR AN ELEVENTH DEFENSE

70.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A TWELFTH DEFENSE

71.     Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

## AS AND FOR A THIRTEENTH DEFENSE

72.     At all relevant times, Church of Our Lord Jesus Christ is not and was not an employer of Plaintiff and therefore is an improper party to this action.

**WHEREFORE**, Defendants demand judgment as follows:
(1)     dismissing the Complaint in its entirety;
(2)     granting Defendants reasonable attorneys' fees, costs and disbursements incurred in this action; and
(3)     granting such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
October 26, 2007        October 26, 2007

Daniel F. Murphy, Jr. (DM 9196)
**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that he caused a true and accurate copy of the foregoing Answer of Greater Refuge Temple Church a/k/a/ Refuge Temple Church and a/k/a Greater Refuge and a/k/a the Church of Our Lord Jesus Christ of the Apostolic Faith, Inc., by and through its attorney Putney, Twombly, Hall & Hirson, LLP to be served via electronic case filing and overnight mail on October 26, 2007 upon:

LAW OFFICES OF MARC A. RAPAPORT
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4400
New York, New York 10118

Daniel F. Murphy, Jr. (DM 9196)
**PUTNEY, TWOMBLY HALL & HIRSON, LLP**
*Attorneys for Defendants*
521 Fifth Avenue
New York, New York 10175
(212) 682-0020