

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GARVIN MITCHELL,

              Plaintiff,

- against -

GREATER REFUGE TEMPLE CHURCH a/k/a/
REFUGE TEMPLE CHURCH and a/k/a
GREATER REFUGE TEMPLE and a/k/a THE
CHURCH OF OUR LORD JESUS CHRIST OF
THE APOSTOLIC FAITH, INC.,

              Defendants.
-------------------------------------------------------------x

Case No.: 07 CIV 7608
(RJH)

PROPOSED
SCHEDULING ORDER

Plaintiff, Garvin Mitchell and Defendant Greater Refuge Temple Church a/k/a/ Refuge Temple Church and a/k/a Greater Refuge ("Greater Refuge") and a/k/a the Church of Our Lord Jesus Christ of the Apostolic Faith, Inc. ("Church of Our Lord Jesus Christ") (collectively "Defendants"), incorrectly sued here as a single defendant, by and through their respective counsel, hereby submit this Proposed Scheduling Order pursuant to Federal Rules of Civil Procedure 16(b) and 26(f):

1.     **Description of the Case**

A.     **Parties and Counsel**

Plaintiff:     Garvin Mitchell

Plaintiff's Counsel:     Marc A. Rapaport, Esq.
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382-1600

Defendant:     Greater Refuge Temple Church a/k/a/ Refuge Temple Church and a/k/a Greater Refuge ("Greater Refuge") and a/k/a the Church of Our Lord Jesus Christ of the Apostolic Faith, Inc. ("Church of Our Lord Jesus Christ")

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/08

Defendant's Counsel:  Daniel F. Murphy, Jr. (Lead Attorney)
         Mary Ellen Donnelly
         Putney, Twombly, Hall & Hirson
         521 Fifth Avenue
         New York, New York 10175
         (212) 682-0020

### B. Jurisdictional Basis for the Litigation

Plaintiff alleges that he was subjected to disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* (1994 and Supp. 1999) (the "ADA"). Based on the foregoing, Plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Additionally, Plaintiff asserts that this Court has supplemental jurisdiction over his New York City Human Rights Law ("NYCHRL"), NYC Administrative Code §§8-502 and 8-107 *et seq.*, claims; his New York State Human Rights Law Claim ("NYSHRL"), New York Executive Law §§292(1) and (5), claims; and his New York Minimum Wage Act ("MWA"), Labor Law Article 19§650, *et seq.*, 12 N.Y.C.R.R.§§ 142-2.4, 142-3.4, claims, pursuant to 28 U.S.C. §1367.

### C. Claims Asserted in the Complaint and Counterclaims, Case Issues & Relief Sought

#### Plaintiff's Claim

Plaintiff alleges that he was terminated from Greater Refuge, in violation of the ADA, NYSHRL, and NYCHRL. Plaintiff additionally alleges that Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations based on his disability. Plaintiff also alleges that he worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendant in violation of the MWA.

Plaintiff's claim of damages include compensation and benefits he would have received but for his termination from the Defendant, monetary damages for emotional distress and mental anguish, amount of underpayments based on Defendant's failure to pay "spread-of-hours" compensation, and liquidated damages, as well as attorneys fees and costs of this action.

### Defendant's Defenses

Defendant denies Plaintiff's claims in their entirety. Plaintiff cannot establish a *prima facie* case of discrimination which resulted in Plaintiff's termination of his employment on the basis of his disability. Plaintiff also cannot state a *prima facie* case of retaliation under the ADA. Plaintiff cannot demonstrate that Defendant discriminated against him based upon his disability in violation of the ADA, NYSHRL, or NYCHRL. Any and all actions taken by Defendant were based on legitimate, nondiscriminatory reasons unrelated to Plaintiff's purported disability and unrelated to any invocation by Plaintiff of rights arising under federal, state or local law.

As to Plaintiff's MWA claims, Defendant denies Plaintiff's claim that Defendant failed to pay "spread-of-hours" compensation in violation of MWA. Further, Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

2. **Proposed Case Management Plan**

a. <u>Pending Motions</u>

There are no pending motions at this time

The Parties Propose the Following:

| | | |
|---|---|---|
| b. | Deadline for joinder of additional parties: | March 21, 2008 |
| c. | Deadline for amendment of pleadings: | March 21, 2008 |
| d. | Proposed schedule for completion of discovery: | |
| | i. Rule 26(a)(1) disclosures: | March 21, 2008 |

  ii.  Fact Discovery:         <u>September 15, 2008</u>

  iii.  Rule 26(a)(2) disclosures:      <u>September 15, 2008</u>

  iv.  Expert discovery completion date,  *Nov. 15* 
     including dates for delivery of expert reports ~~December~~ 5, 2008

e. <u>Dispositive motions</u>

                   *Dec. 15*

Any Motion for Summary Judgment will be filed on or before ~~January~~ 6, 2009.

f. <u>Joint Pretrial Order</u>

   The Joint Pretrial Order will be filed by February 6, 2009, unless either party files a Motion for Summary Judgment, in which case the Joint Pretrial Order will be filed 60 days after the Court's ruling on any dispositive motion.

g. <u>Trial schedule</u>

  i.  Plaintiff Requests a Trial by Jury

  ii.  Length of Trial – The probable length of trial will be two weeks.

  iii.  Trial Readiness – the case will be ready for trial 60 days after the filing of the

     Joint Trial Memorandum *04/06/09*

3. **Consent to Proceed Before a Magistrate Judge**

Both Plaintiff and Defendant do not consent to proceed before a Magistrate Judge

4. **Status of Settlement Discussions**

There have been no settlement discussions.

5. *A status conference shall be held on Sept. 19, 2008 at 10:00 a.m.*

Dated: New York, New York
February 4, 2008

_____
Marc A. Rapaport, Esq. (MR 5775)
Empire State Building
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382-1600
*Attorney for Plaintiff Garvin Mitchell*

_____
Daniel F. Murphy, Jr. (DM 9196)
**PUTNEY, TWOMBLY, HALL & HIRSON**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendants*

_____
USDJ
2/13/08